UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **UNITED STATES OF AMERICA** | **CRIMINAL ACTION** |
| **VERSUS** | **NO: 23-131** |
| **DEBORAH COOPER** | **SECTION "H"** |

### ORDER AND REASONS

Before the Court is Defendant Deborah Cooper's Motion to Sever Count 6, or in the Alternative, Bifurcate Trial (Doc. 82). For the following reasons, the Motion is **DENIED**.

### BACKGROUND

Defendant Deborah Cooper was indicted on six charges stemming from two armed robberies of Igor's Bar in New Orleans, Louisiana in February and March 2022, respectively. She is charged in Count 1 with Conspiracy to Interfere with Commerce by Robbery in violation of 18 U.S.C. § 1951(c); in Counts 2 and 4 with Interference with Commerce by Robbery in violation of 18 U.S.C. § 1951(a); in Counts 3 and 5 with Using or Carrying a Firearm during Commission of a Crime of Violence in 18 U.S.C. § 924(c)(1)(A)(ii); in Count 6 with Possession of a Firearm by a Convicted Felon in violation of 18 U.S.C. § 922(g)(1) and 924(a)(2); and in Count 7 of Tampering with Proceedings in violation of 18 U.S.C. § 1512(c)(1).

1

Defendant's instant Motion relates to Count 6—Possession of a Firearm by a Convicted Felon in violation of 18 U.S.C. § 922(g)(1) and 924(a)(2). The Government alleges that Defendant was found in possession of a firearm during her arrest the day after the second robbery. In the original indictment, the predicate offenses for Count 6 were a 2007 state law conviction for possession of cocaine and a 2018 state law conviction for possession of methamphetamines. Defendant moved to dismiss Count 6 pursuant to the Supreme Court's decision in *New York State Rifle & Pistol Association, Inc. v. Bruen*, arguing that Count 6 violated the Second Amendment.[1] Specifically, Defendant argued that regulating her possession of a firearm is inconsistent with the Nation's historical tradition of firearm regulation. The Court had oral argument on Defendant's Motion and, without issuing a ruling, expressed its concerns that Count 6 may violate the Second Amendment where the Government had not carried its burden under *United States v. Diaz* to identify a well-established and representative historical analogue for drug possession consistent with the Nation's historical tradition of firearm regulation.[2]

Thereafter, just ten days before trial, the Government—apparently seeking to remedy concerns about Count 6—filed a Superseding Indictment that amended Count 6 to add a new predicate offense: a 2004 state conviction of simple burglary. Defendant now moves to sever or, in the alternative, bifurcate trial of Count 6, arguing that the 20-year-old burglary conviction is too prejudicial to be joined with the other charges.

---

[1] 597 U.S. 1 (2022).
[2] United States v. Diaz, 116 F.4th 458, 467 (5th Cir. 2024).

## **LAW AND ANALYSIS**

Defendant moves to sever Count 6 pursuant to Federal Rule of Criminal Procedure 14. Although she does not argue that the charges are misjoined, "in reviewing a Rule 14 motion to sever, the district court must first determine whether the claims were improperly joined under [Federal Rule of Criminal Procedure] Rule 8(a)."[3]

### **I. Joinder under Rule 8**

"Joinder under Rule 8(a) is proper where the joined charges are based on the same transaction, or are two different transactions that are connected because they are derived from the same set of circumstances."[4] The Fifth Circuit has offered guidance on when the joinder of a felon-in-possession charge with charges of other crimes is appropriate.

In *United States v. Holloway*, the Fifth Circuit held that the district court erred in not severing a felon-in-possession charge from robbery charges where the defendant was found in possession of a weapon when he was arrested two months after the last robbery.[5] The court specifically noted that there was no allegation that the defendant planned to use or had used the weapon in the robbery or that the weapon was connected to the robbery.[6] The court held that the charges should never have been joined under Rule 8 and that the district court erred in failing to sever them pursuant to Rule 14.

On the other hand, in *United States v. Bullock*, the Fifth Circuit held that a felon-in-possession charge was properly joined with bank robbery

---

[3] United States v. Holloway, 1 F.3d 307, 311 (5th Cir. 1993).
[4] United States v. Davis, 752 F.2d 963, 971 (5th Cir. 1985).
[5] *Holloway*, 1 F.3d at 310.
[6] *Id.*

charges even where the defendant did not use the gun involved in the bank robbery but "it was found in the trunk of the getaway car within hours of the robbery."[7] The court noted that a jury could infer that the defendant "had the gun so that it would be available to him during the robbery and escape."[8] It further held that the defendant could not show that he was prejudiced by the failure to sever the counts where the court gave a proper limiting instruction.[9]

The Fifth Circuit has summarized when joinder of a felon-in-possession charge is proper as follows:

> We have permitted joinder when the weapon was found during the investigation of the other offenses charged, when the weapon might have been available for use during the other offenses, and a limiting instruction was given. We have been less inclined toward joinder when the firearm was less relevant to the other offenses, such as when it was found at the time of arrest, months after the other indicted crimes; when the possibility of prejudice seemed especially problematic, such as when the evidence for the other crimes was "thin," though legally sufficient; or when the prosecutor's motives for adding the charge seemed suspect or was merely a technique to introduce evidence of the defendant's bad character into evidence.[10]

The facts here fit squarely within the former category. The Government contends that it will present evidence that the gun at issue in Count 6 was discovered the day after the second robbery in the washing machine at Defendant's residence during the execution of a search warrant related to the robberies. The Government contends that the firearm matches the description

---

[7] United States v. Bullock, 71 F.3d 171, 175 (5th Cir. 1995).
[8] *Id.*
[9] *Id.*
[10] United States v. Turner, 674 F.3d 420, 430 (5th Cir. 2012).

of the firearm used during both robberies. It argues that Defendant's possession of the firearm on the day after the robbery is critical to rebut her position that she was not involved or had no knowledge of the robberies. The Government also argues that Defendant's attempt to conceal the firearm in the washing machine supports her knowledge of the crimes and consciousness of guilt. Defendant has not argued that evidence of the other crimes is thin or that the prosecutors had questionable motives in including Count 6. Accordingly, the facts here are more closely in line with *Bullock* than *Holloway*. As in *Bullock*, the felon-in-possession charge is appropriately joined with the robbery charges.

## II. Prejudice under Rule 14

Next, the Court considers whether the joinder of Defendant's felon-in-possession charge with her robbery charges is so prejudicial as to warrant separate trials. Federal Rule of Criminal Procedure 14 gives the district court discretion to grant a severance "[i]f the joinder of offenses or defendants . . . appears to prejudice a defendant or the government." "In making this decision, the trial judge must balance the prejudice to the defendant against the interests of judicial economy."[11] A denial of a severance will only be reversed if "there is clear, specific and compelling prejudice that resulted in an unfair trial."[12] "To demonstrate compelling prejudice, '[t]he defendant must show something more than the fact that a separate trial might offer him a better chance of acquittal.'"[13]

---

[11] United States v. Ballis, 28 F.3d 1399, 1408 (5th Cir. 1994).
[12] United States v. Singh, 261 F.3d 530, 533 (5th Cir. 2001).
[13] United States v. Huntsberry, 956 F.3d 270, 287 (5th Cir. 2020) (quoting United States v. Ballis, 28 F.3d 1399, 1408 (5th Cir. 1994)).

Defendant argues that joinder at trial of all counts against her presents a high risk of undue prejudice where the jury may draw impermissible inferences about her character and propensity to commit crimes based on exposure to her prior convictions. This is especially true, she argues, where her prior burglary conviction is similar to the robbery charges at issue here. Defendant points out that her 20-year-old burglary conviction would not otherwise be admissible to prove any of the other charges that she faces. Further, Defendant points out that there are considerable proof concerns regarding her prior burglary conviction, which will require the presentation of evidence that will draw undue attention to the charge.

It is true that "evidence of a prior conviction has long been the object of careful scrutiny and use at trial because of the inherent danger that a jury may convict a defendant because he is a 'bad person' instead of because the evidence of the crime with which he is charged proves him guilty."[14] The Fifth Circuit has held, however, that "such a charge need not always be severed."[15] It has advised that any possible prejudice resulting from the joinder of charges can be "cured with proper instructions and juries are presumed to follow their instructions."[16] Here the Court finds, with the use of a limiting instruction, introduction of Defendant's prior conviction is not so prejudicial as to warrant a separate trial. Further, joinder promotes the interests of judicial economy considering the overlap of many of the facts of Count 6 with the other counts.

---

[14] *Holloway*, 1 F.3d at 311.
[15] *Turner*, 674 F.3d at 430.
[16] *Bullock*, 71 F.3d at 175; United States v. Hickerson, 489 F.3d 742, 746 (5th Cir. 2007) ("Prejudice from a failure to sever counts can be cured by proper jury instructions, and juries are generally presumed to follow their instructions.").

For these same reasons, the Court denies the Defendant's request for a bifurcated trial.

## **CONCLUSION**

For the foregoing reasons, Defendant's Motion is **DENIED**.

New Orleans, Louisiana this 15th day of January, 2025.

_____
**JANE TRICHE MILAZZO
UNITED STATES DISTRICT JUDGE**