UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**UNITED STATES OF AMERICA**                    **CRIMINAL ACTION**

**VERSUS**                                      **NO: 23-131**

**DEBORAH COOPER**                              **SECTION "H"**

### ORDER AND REASONS

Before the Court are Defendant Deborah Cooper's Motion in Limine (Doc. 89) and the Government's Motions in Limine (Docs. 90, 91, 92). For the following reasons, the Defendant's Motion is **GRANTED IN PART** and **DENIED IN PART**. The Government's Motion in Limine (Doc. 90) is **DENIED AS MOOT**; Motion in Limine (Doc. 91) is **GRANTED**; and Motion in Limine (Doc. 92) is **GRANTED**.

### BACKGROUND

Defendant Deborah Cooper was indicted on six charges stemming from two armed robberies of Igor's Bar in New Orleans, Louisiana in February and March 2022, respectively. She is charged in Count 1 with Conspiracy to Interfere with Commerce by Robbery in violation of 18 U.S.C. § 1951(c); in Counts 2 and 4 with Interference with Commerce by Robbery in violation of 18 U.S.C. § 1951(a); in Counts 3 and 5 with Using or Carrying a Firearm during Commission of a Crime of Violence in 18 U.S.C. § 924(c)(1)(A)(ii); in Count 6 with Possession of a Firearm by a Convicted Felon in violation of 18 U.S.C. §

1

922(g)(1) and 924(a)(2); and in Count 7 of Tampering with Proceedings in violation of 18 U.S.C. § 1512(c)(1).

## LAW AND ANALYSIS

### I. Defendants' Motion in Limine

Defendant moves for an order excluding various categories of evidence from trial. The Court will address each category in turn.

#### A. Hearsay from Law Enforcement Witnesses

Defendant moves for an order preventing law enforcement witnesses from testifying to inadmissible hearsay while detailing the background of the investigation. Out-of-court statements are inadmissible hearsay only if offered for the truth of the matter asserted.[1] "Out-of-court statements providing background information to explain the actions of investigators are not hearsay."[2] While the Court remains aware that "[b]ackdooring highly inculpatory hearsay via an explaining-the-investigation rationale is a recurring problem,"[3] Defendant's objection is context-specific. In her Motion in Limine, Defendant is vague as to the precise statements she wishes to exclude as improper hearsay, and it is impossible to predict all such statements that will be made by the Government at trial. Accordingly, Defendant's Motion to preclude improper hearsay is **DENIED** without prejudice to the right to be re-urged at trial.

---

[1] FED. R. EVID. 801(c); FED. R. EVID. 802.
[2] United States v. Carrillo, 20 F.3d 617, 619 (5th Cir. 1994) (citing United States v. Gonzales, 967 F.2d 1032, 1035 (5th Cir. 1992)).
[3] United States v. Sharp, 6 F.4th 573, 582 (5th Cir. 2021) (citations omitted).

## B. Lay Opinion Identification Testimony by Law Enforcement Witnesses

Next, Defendant asks the Court to prevent law enforcement witnesses from offering lay opinions regarding their identification of Defendant. Specifically, Defendant seeks to prevent law enforcement from offering an opinion as to whether Defendant is one of the two people depicted in a surveillance video that captured the two alleged robbers. "When a witness identifies an individual captured in surveillance footage, it is considered lay opinion testimony."[4] The admissibility of opinions by lay witnesses is governed by Federal Rule of Evidence 701, which provides the following:

> If a witness is not testifying as an expert, testimony in the form of an opinion is limited to one that is: (a) rationally based on the witness's perception; (b) helpful to clearly understanding the witness's testimony or to determining a fact in issue; and (c) not based on scientific, technical, or other specialized knowledge within the scope of Rule 702.

Lay opinion testimony is admissible if it requires "[n]o great leap of logic" and draws "straightforward conclusions from observations informed by [the witness's] own experience."[5] The Fifth Circuit has held that an officer's testimony identifying a suspect in a surveillance video, when given in the context of explaining the basis of the investigation and how he developed the defendant as a suspect, can be helpful to the jury even when the officer does not have personal familiarity with the suspect's appearance beyond the evidence presented to the jury.[6] Accordingly, the Government may elicit

---

[4] United States v. Weldon, No. 21-30474, 2022 WL 4363831, at *5 (5th Cir. 2022).
[5] United States v. Masha, 990 F.3d 436, 445 (5th Cir. 2021).
[6] *Weldon*, 2022 WL 4363831, at *6.

testimony from law enforcement witnesses regarding their personal observations and perceptions during the investigation and how the surveillance video was used in furthering their investigation. Accordingly, this request is **DENIED**.

### C. Redaction of 911 call

Defendant argues that there are statements made in the 911 calls following the robberies that should be redacted and not played for the jury. In the first call, Defendant complains that the caller gets upset relaying that a gun was pulled on her during the robbery and argues that her statements are unduly prejudicial. In the second call, Defendant complains that the caller appears to relay information from a third-party to the 911 operator regarding a description of the perpetrator's hoodie and argues that this statement is hearsay and prejudicial.

The Government responds that the 911 calls are non-testimonial and therefore not hearsay. This Court agrees. The Supreme Court "has held that statements made on 911 calls are ordinarily not testimonial because '[a] 911 call ... and at least the initial interrogation conducted in connection with a 911 call, is ordinarily not designed primarily to establish or prove some past fact, but to describe current circumstances requiring police assistance.'"[7] The calls were made immediately after the robberies and intended to "enable police assistance to meet an ongoing emergency."[8] Further, the Court does not find

---

[7] United States v. Polidore, 690 F.3d 705, 714 (5th Cir. 2012) (quoting Davis v. Washington, 547 U.S. 813, 827 (2006)).

[8] *Id.*

4

the portions of the calls identified by Defendant to be overly prejudicial. Accordingly, Defendant's request to redact the 911 calls is **DENIED**.

### D. Defendant's Jail Call

Defendant next asks the Court to exclude a jail call from trial as unduly prejudicial and inflammatory because it contains copious cursing and would alert the jurors to the fact that Defendant is incarcerated. The Government argues that Defendant makes admissions on the call regarding her possession of the firearm. The Court finds that the Government may admit only those specific portions of the call in which Defendant makes direct admissions. The probative value of those admissions outweighs the prejudice of the call. Accordingly, Defendant's request is **GRANTED IN PART** and **DENIED IN PART**.

### E. Ammunition and Holsters

Defendant seeks to exclude evidence that bullets and gun holsters were seized from her residence and that the firearm that was found was loaded. She argues that this evidence is irrelevant and overly prejudicial. This Court disagrees. The firearm evidence is relevant to the Hobbs Act Robbery charges and shows her intent to possess the firearm. This request is **DENIED**.

### F. References to Past Convictions

Defendant moved to exclude reference to her past convictions. However, the parties have reached a stipulation pursuant to *Old Chief v. United States*.[9] Accordingly, this request is **DENIED** as moot.

---

[9] 519 U.S. 172 (1997).

### G. References to Defendant as a Felon

Finally, Defendant requests that the Court instruct the Government not to refer to Defendant as a "felon" or "convicted felon." The Government does not respond to this request. The Court agrees that, beyond the presentation of evidence necessary to prove her felony convictions with respect to Count 6, the Government should refrain from referring to Defendant as a "felon" or "convicted felon." Accordingly, this request is **GRANTED**.

## II. Government's Motions in Limine

The Government filed three Motions in Limine seeking to exclude certain evidence at trial. The Court will consider each in turn.

### A. References to Punishment or Adverse Consequences

The Government asks the Court to preclude Defendant from making any reference to punishment or the adverse consequences of conviction at trial. It is well-settled that issues related to sentencing and punishment are not among the issues a jury is to consider. Defendant acknowledges that she has no intention of making such arguments. Accordingly, the Government's motion is **DENIED** as moot.

### B. Intrinsic Traffic Stop

In its next Motion, the Government notice of its intent to offer intrinsic evidence of the November 12, 2021, traffic stop involving the defendant and the New Orleans Police Department.

> At trial, the government seeks to introduce the November 2021 traffic stop for the purpose of establishing that the defendant is the

owner of the vehicle, that the defendant had access to the vehicle prior to its use in the Igor's robbery, that the vehicle's unique characteristics were consistent with those observed by Officer Bencik when he reviewed surveillance footage initially capturing the Dodge Ram on the day of the first Igor's robbery, and to show that the defendant matched a physical characteristic of one of the perpetrators as noted by Officer Bencik.

Defendant contends that this evidence is not intrinsic but is plainly 404(b) evidence that should be precluded because the government did not provide timely notice in compliance with this Court's scheduling order. She further contends that the Government should produce the portion of the video it intends to introduce so that she can make appropriate Rule 403 objections.

This Court does not agree that the evidence is untimely 404(b) evidence. Rather, the traffic stop is intrinsic to the investigation and not admitted to show a prior bad act. The Government has indicated that it does not intend to elicit the fact that a traffic citation was issued as a result of the stop. That said, the Government should produce to Defendant the portion of the video it intends to play so that any objection can be made prior to trial. This Motion is **GRANTED**.

### C. Business Records

In an effort to expeditiously present evidence, and to minimize witnesses, the government seeks to admit routine business records under Federal Rules of Evidence 803(6) and 902(11), and to admit self-authenticating records generated by an electronic process or data copied from an electronic device through Federal Rules of Evidence 902(11), 902(13) and 902(14). The Government's Motion refers to five categories of materials: (1) a jail call; (2) two 911 calls; (3) NOPD body worn camera footage under two NOPD item

7

numbers; (4) NOPD crime scene photographs under two NOPD item numbers; and (5) four Real Time Crime Camera surveillance videos. While Defendant maintains objections as to admissibility on other grounds, she does not object to the authenticity through certification of any of these categories of evidence. Accordingly, this Motion is **GRANTED**.

## CONCLUSION

For the foregoing reasons, the Defendant's Motion is **GRANTED IN PART** and **DENIED IN PART**. The Government's Motion in Limine (Doc. 90) is **DENIED AS MOOT**; Motion in Limine (Doc. 91) is **GRANTED**; and Motion in Limine (Doc. 92) is **GRANTED**.

New Orleans, Louisiana this 28th day of January, 2025.

_____
**JANE TRICHE MILAZZO**
**UNITED STATES DISTRICT JUDGE**